IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **TATUM MERRILL**,<br><br>    Plaintiff,<br>v.<br><br>**MARIAN ITO**, **CHRISTINE JOHNSON**,<br>**DEREK PULLAN**, and **JEFF GRAY**,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:23-cv-00508-JNP-JCB<br><br><br>District Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

On August 7, 2023, *pro-se* Plaintiff Tatum Merrill filed a § 1983 complaint alleging

Commissioner Marian Ito, Judge Christine Johnson, Judge Derek Pullan ("Judicial Defendants")

and Utah County Attorney Jeff Gray (collectively "Defendants") violated her civil rights and

unlawfully discriminated against her. ECF No. 1. Plaintiff sought appointment of counsel by

motion, which was referred to Magistrate Judge Bennett for his decision. ECF No. 11.

Before the court is Plaintiff's motion for a temporary restraining order ("TRO"),

preliminary injunction, and/or a protective order. ECF No. 18. Her motion requests an order

"prohibiting any further legal actions, any rulings in the lower courts, [and] any further

unacceptable abuse of judicial power" by Defendants in Plaintiff's ongoing state court

proceedings. ECF No. 18, at 9. In short, Plaintiff asks this court to fully suspend two ongoing

state court cases. Plaintiff's motion also requests "immediate protection . . . under the provisions

of the Federal Violence Against Women Act" in the form of a "protective order that restraints

[her] abusive ex-husband, . . . and his legal counsel from contacting or approaching [her], and all

three of [her] children[.]" *Id.* Plaintiff believes a protective order is needed because the Utah

state "family court has taken extensive steps to circumvent active protective orders issued in the

[Utah state] criminal court[.]" *Id.* at 10.

The court ordered the Defendants to respond to Plaintiff's motion for a TRO by October 6, 2023. ECF No. 20. Utah County Attorney Jeff Gray filed a response brief on that day (ECF No. 26) and the Judicial Defendants followed suit (ECF Nos. 27, 28). In substance, the Defendants argue that the court should deny Plaintiff's motion for a TRO because (1) this court lacks power to grant her the relief she seeks due to the doctrine of *Younger* abstention and the Violence Against Women Act's lack of a private right of action; (2) her motion is barred by the Anti-Injunction Act; (3) she cannot show that Defendants' alleged conduct caused her irreparable harm when she has not attempted to exhaust her state court appellate rights; and (4) her motion for a TRO addressed neither the balancing of harm nor the public interest. Plaintiff filed a reply on October 10, 2023 with additional exhibits for the court to consider. ECF Nos. 29, 30.

On October 11, 2023, the court held a hearing on Plaintiff's motion (ECF No. 18). The court ordered the Defendants to file status reports by October 16, 2023, apprising the court of possible out-of-court solutions for the issues raised in the hearing. The Judicial Defendants filed a status report informing the court that the Utah Code of Judicial Conduct would preclude them from engaging in any out-of-court resolution of these issues. ECF No. 38. County Attorney Gray filed a status report that urged Plaintiff to pursue her sought remedy in the state courts. ECF No. 37. Plaintiff filed one response to Attorney Gray's status report on October 16, 2023 (ECF No. 39) and another response the following day (ECF No. 40). In reaching its decision, the court has reviewed and considered each of these filings and their accompanying exhibits.

**LEGAL STANDARD**

The standard for a TRO is the same as that for a preliminary injunction.[1] *See Wiechmann*

---

[1] Because Plaintiff provided Defendants notice of her motion and the court ordered Defendants to respond, Plaintiff need not support her motion with specific facts in an affidavit or verified complaint under Federal Rule of Civil

*v. Ritter*, 44 Fed. App'x 346, 347 (10th Cir. 2002) (unpublished) (quoting *Country Kids 'N City*

*Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1283 (10th Cir.1996)); *Bauchman by & Through Bauchman*

*v. West High Sch.*, 900 F. Supp. 248, 250 (D. Utah 1995). The movant must establish that (1) she

has a substantial likelihood of prevailing on the merits; (2) she will suffer irreparable injury if the

TRO is denied; (3) her threatened injury outweighs the damage that the TRO will cause the non-

movant; and (4) the TRO would not be adverse to the public interest. *Id.* (citations omitted).

**ANALYSIS**

### I. PLAINTIFF'S LIKELIHOOD OF PREVAILING ON THE MERITS

To obtain a TRO or preliminary injunction, Plaintiff must first demonstrate that she has a

substantial likelihood of prevailing on the merits of her claim. Because the doctrine of *Younger*

abstention and the Violence Against Women Act do not grant this court the power to provide

Plaintiff with the relief that she seeks, the court concludes that Plaintiff is not likely to prevail on

the merits of her claim.[2] As a result, her motion for a TRO or preliminary injunction is denied.[3]

#### A. *YOUNGER* ABSTENTION LIMITS THIS COURT'S POWER TO INTERVENE IN STATE COURT PROCEEDINGS

Plaintiff requests a TRO "prohibiting any further legal actions, any rulings in the lower

courts, any further unacceptable abuse of judicial power, specifically by Judge Christine

Johnson, and Commissioner Marin Ito in the Family Court" until "a Preliminary Injunction can

be entered." ECF No. 18, at 9. In seeking such relief, Plaintiff misunderstands this court's power

---

Procedure 65(b)(1)(A). *Cf. Purdy v. Metlife Home Loans*, No. 1:16-CV-28, 2016 U.S. Dist. LEXIS 27014, at *2 (D. Utah Mar. 2, 2016).

[2] County Attorney Gray also argues the court should deny Plaintiff's motion based on the Anti-Injunction Act. *See* ECF No. 26, at 2-3. Because the court finds it sufficient to resolve this matter based on *Younger* abstention, the court does not reach this issue.

[3] *See, e.g., Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2017 U.S. Dist. LEXIS 101918, at *3-4 (D. Kan. June 30, 2017) ("[T]he court denied plaintiffs' motion . . . determin[ing] that plaintiffs had not shown a likelihood of success on the merits because the record raised serious questions whether the court must abstain from plaintiffs' claims for injunctive relief under the *Younger* abstention doctrine.").

and role as it relates to the state family law and criminal courts in which her and her ex-husband's cases are currently ongoing. Simply put, this court does not have power to suspend ongoing state court proceedings. The Utah state courts on which Commissioner Ito and Judges Johnson and Pullan sit are not "lower courts" than the United States District Court for the District of Utah, and this court does not have authority to oversee or direct the proceedings in those courts. *People v. Jones*, 467 Mich. 301, 305 (Mich. 2022) ("[S]tate courts are not 'inferior' to or 'lower' than federal courts, and federal courts are not 'superior' to or 'higher' than state courts. Rather, such courts constitute separate systems of justice."); *Telos Ventures Grp., PLLC v. Short*, No. 20-2027, 2020 Bankr. LEXIS 3052, at *1 (Bankr. D. Utah Oct. 30, 2020) ("It is an axiom of jurisdictional jurisprudence that a lower federal court lacks the authority to engage in the appellate review of state court rulings.").

In recognition of the relationship between federal courts and state courts, the U.S. Supreme Court has decided that federal courts, such as this one, are prohibited from interfering with certain ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (*Phelps I*). As a result, "federal courts hold no supervisory power over state judicial proceedings[,]" *Fero v. Kerby*, 39 F.3d 1462 (10th Cir. 1994) (citation omitted), and lack "authority to . . . direct state courts or their judicial officers in the performance of their duties[,]" *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (citation and internal quotation marks omitted).[4]

This doctrine of *Younger* abstention is subject to a limited exception. Federal courts may

---

[4] While this doctrine of *Younger* abstention originated in the context of federal courts intervening in state criminal proceedings, courts also have applied the doctrine to state family court proceedings. *See, e.g., Ming v. Brouillette*, 2023 U.S. Dist. LEXIS 11523, at *4 (N.D.N.Y. Jan. 24, 2023); *Escalante v. Burmaster*, 2023 U.S. Dist. LEXIS 143625 (D. Kans. Aug. 16, 2023) (finding *Younger* precluded the federal district court from intervening in child custody proceedings, which are "an especially delicate subject of state policy") (citation omitted).

intervene in state court proceedings in which the party invoking federal court jurisdiction has

been subject to bad faith or harassment.[5] For this exception to apply, the plaintiff bears the heavy

burden of overcoming *Younger* "by setting forth more than mere allegations of bad faith or

harassment." *Phelps I*, 122 F.3d at 889 (citation omitted). The defendant may then "rebut the

presumption of bad faith by offering 'legitimate, articulable, objective reasons' to justify"

initiating proceedings in state court against the federal plaintiff. *Id.* (cleaned up). The court then

considers whether the state court proceeding was commenced in bad faith or to harass,

recognizing that "animus or ill-will between the parties does not, by itself, constitute retaliation"

and "a history of personal animosity" between a prosecutor and state court defendant isn't

enough to apply *Younger*'s bad faith exception."[6] *Phelps I*, 122 F.3d at 1067-68; *Phelps v.*

*Hamilton*, 122 F.3d 885, 890 (10th Cir. 1997) (*Phelps II*).

### B. YOUNGER ABSTENTION PRECLUDES THIS COURT FROM GRANTING PLAINTIFF'S MOTION AND SUSPENDING STATE COURT PROCEEDINGS

The court must abstain under *Younger* from issuing a TRO when three elements are

present: "(1) there is an ongoing state criminal, civil or administrative proceeding; (2) the state

court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the

---

[5] *See Perez v. Ledesma*, 401 U.S. 82 (1971) (recognizing a federal plaintiff may overcome the presumption of *Younger* abstention "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown"); *Phelps I*, 122 F.3d at 889. The Court has made clear that this exception, first applied in cases alleging bad faith use of prosecutorial discretion, is "fully applicable" in the context of a pending family court proceeding. *See Moore v. Sims*, 442 U.S. 415, 433 (1979) (applying *Younger* and its exception to civil contexts when the state is a party to a civil proceeding in which the action is related to criminal statutes, as occurs in family law matters involving allegations of child abuse). Similar cases have been decided in the Tenth Circuit. *See, e.g., Morkel v. Davis*, 513 Fed. App'x 724, 729 (10th Cir. 2013); *J.B. v. Vald*ez, 186 F.3d 1280, 1295 (10th Cir. 1999); *Escalante v. Burmaster*, 2023 U.S. Dist. LEXIS 103987 (D. Kan. June 6, 2023).
[6] Three factors should be "considered in determining whether a prosecution is commenced in bad faith or to harass": (1) "whether it was frivolous or undertaken with no reasonably objective hope of success"; (2) "whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights"; and (3) "whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions[.]" *Phelps I*, 122 F.3d at 1065 (citations omitted).

state proceedings involve important state interests, matters which traditionally look to state law

for their resolution or implicate separately articulated state policies." *Amanatullah v. Colorado*

*Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted). Each of these

elements is present here. First, the state court proceedings are ongoing, demonstrated by

Plaintiff's request they be suspended. Second, to the extent that Plaintiff is concerned she has not

received fair administration of the law in either her family court cases or through the application

of a protective order issued on her behalf in her ex-husband's criminal case, she can raise those

issues on appeal or through a petition for an extraordinary writ in the state court system.[7] And

third, state interests and matters of state policy are clearly implicated in family court

proceedings, which have "long been regarded as a virtually exclusive province of the States."[8]

*See Talbot v. Utah*, No. 4:19-cv-00079-DN-PK, 2020 U.S. Dist. LEXIS 20522, at *3 (D. Utah

Feb. 5, 2020) (citation omitted). The Tenth Circuit has also warned that district courts should

avoid wading too deep into issues of prosecutorial discretion in case selection when assessing the

applicability of this exception to *Younger*.[9] *Phelps I*, 122 F.3d at 1068.

  Plaintiff's motion does not explicitly invoke *Younger*'s exception for bad faith or

harassment, but the court briefly addresses this argument.[10] Plaintiff's motion contains a number

of factual allegations. Plaintiff alleges that Defendants "have taken deliberate and adverse

---

[7] The court agrees with the Judicial Defendants that Plaintiff's failure to appeal any adverse rulings in her post-divorce family court proceedings weighs strongly against granting her motion for a TRO. *See* ECF no. 27, at 8.

[8] The subject matter of this proceeding raises a significant question as to whether this court has jurisdiction to hear this dispute at all, or if it would be more appropriate for this action to be dismissed.

[9] The issue of prosecutorial discretion is relevant insofar as Plaintiff's argument is based on the Defendants' decisions not to hold her ex-husband in contempt or prosecute him for perjury or other harms she alleges to have suffered at his hand.

[10] While recognizing that it does not change the outcome in this Order, the court addresses this issue out of recognition that a *pro se* plaintiff, such as Ms. Merrill, is entitled to less stringent pleading standards than a party represented by counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court also notes that it cannot supply factual allegations to "round out [her] complaint[.]" *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

actions to retaliate against and intim[id]ate" the Plaintiff to prevent her from raising her claims in this court. ECF No. 18, at 2. In particular, she alleges that the Judicial Defendants have displayed significant bias against her, to the extent that they have inappropriately excluded evidence in her state court proceedings, thereby causing her harm and damage. *Id.* at 2-3. Plaintiff alleges she was unlawfully incarcerated under a defective protective order and that she was consequently denied a hearing or other due process when she sought to obtain release. *Id.* at 4-5. She argues that County Attorney Gray and his office filed frivolous motions that caused her to lose access to her rights as a victim and to lose the protection that she and her children needed. *Id.* at 5-6. She also argues that one or more of the Judicial Defendants inappropriately refused to recuse themselves from her state court proceedings, thereby threatening her right to an impartial decisionmaker. *Id.* at 8. Plaintiff's responses to Defendants' status reports alleged that Defendants demonstrated "bad faith" by not resolving the issues raised in her motion following the court's recent hearing. ECF Nos. 39, at 14, 40 at 7.

Despite the seriousness of the misconduct that Plaintiff has alleged, she has not met her heavy burden of stating "more than mere allegations of bad faith or harassment." *Phelps I*, 122 F.3d at 889 (citation omitted). As noted above, merely alleging animus, ill-will, or a history of personal animosity is insufficient to overcome the bar of *Younger*. *Phelps I*, 122 F.3d at 1067-68; *Phelps II*, 122 F.3d at 890. Close consideration of Plaintiff's motion and accompanying documents makes clear that her claims of bad faith or retaliation lack factual support. Her more substantial arguments arise in her contention that the Judicial Defendants have retaliated against her for filing this complaint by expediting hearings, striking her filings, and declining to recuse themselves. Yet the Judicial Defendants are correct when they argue that to require recusal

because of Plaintiff's suit against them would contravene existing standards in the state courts,[11]

and that her arguments regarding scheduling and evidentiary rulings in state court cannot alone

demonstrate bad faith or a violation of her rights. The Judicial Defendants have not argued that it

is beyond doubt that they may have committed errors. ECF No. 27, at 5. But even erroneous

court orders caused by confusion between issues or matters would not provide sufficient grounds

to overcome *Younger*'s bar to Plaintiff's requested relief. ECF No. 27, at 8.

Plaintiff's allegations, while serious, are most properly addressed by an appeal or writ

within the state court system. Plaintiff advanced the same arguments raised before this court in

her state court motions to reconsider and for a new trial. *See* ECF No. 19-1. But her attorneys in

those cases argued that these motions contested erroneous court actions, not bad faith or

harassment. This court will not assume facts to overcome the bar of *Younger* when Plaintiff's

argument essentially asks this court to remedy what she previously has characterized as error

committed by the Judicial Defendants. In short, the court agrees with the Judicial Defendants that

while Plaintiff's motion alleges bad faith and harassment, she asks the court to fill in the

supporting details. And though Plaintiff is entitled to a lessened pleading standard compared to a

party represented by counsel, the court cannot supply factual allegations to address the failings in

Plaintiff's motion. *Smith*, 561 F.3d at 1096. As a result, the court concludes that the bad faith or

harassment exception to the *Younger* abstention doctrine cannot overcome the conclusion that

the court lacks the power to suspend the underlying state court proceedings. As a result, Plaintiff

is unlikely to prevail on the merits of her claim and her motion for a TRO or preliminary

injunction must be denied.

### C. THE VIOLENCE AGAINST WOMEN ACT DOES NOT GRANT THIS COURT POWER TO ENTER A PROTECTIVE ORDER

---

[11] Utah Ethics Advisory Committee Informal Opinion 97-8 (Oct. 20, 1997).

In addition to asking the court to suspend state court proceedings, Plaintiff's motion seeks a protective order for the benefit of the Plaintiff and her children "under the provisions of the Federal Violence Against Women Act." ECF No. 18, at 9. But the Violence Against Women Act does not contain any provision that would empower this court to issue such an order.[12] Moreover, the provisions of the Violence Against Women Act that gave victims of gender-motivated violence a civil cause of action for damages against their abuser or attacker were held unconstitutional by the Supreme Court in 2000. *United States v. Morrison*, 529 U.S. 598 (2000). As a result, Plaintiff is similarly unlikely to prevail on the merits of her claim with respect to the second form of relief she requests.

## II. IRREPARABLE INJURY, BALANCING OF HARMS, AND THE PUBLIC INTEREST

As noted above, Plaintiff is not likely to prevail on the merits of her claim because the court lacks power to grant the two forms of relief sought in her motion for a TRO or preliminary injunction. This fact is a sufficient basis on which to deny her motion. Consequently, the court need not reach the other three elements Plaintiff would be required to show to obtain injunctive relief. The court notes only that Plaintiff's motion does not address these elements and that the Defendants' response briefs persuasively argue that, even if Plaintiff were likely to prevail on the merits of her claim, she would not be entitled to a TRO or preliminary injunction.

---

[12] In its review of this issue, the court identified one singular state court decision from 2009 that purported to impose a protective order under the Violence Against Women Act. *See In re Davis*, 2009 Tex. Dist. LEXIS 255 (Tex. Dist. July 9, 2009). This court does not find any basis in that opinion upon which it may grant Plaintiff the relief she requests.

**ORDER**

Consistent with this Memorandum Decision and Order, the court **ORDERS** that Plaintiff's

Motion for a Temporary Restraining Order, Preliminary Injunction, and/or Protective Order (ECF

No. 18) is **DENIED**.

Signed October 18, 2023

BY THE COURT

Jill N. Parrish
United States District Court Judge