Joseph A. Willard (10234)
Attorney for Defendants Hon. Marian Ito,
Hon. Christine Johnson, and
Hon. Derek Pullan
Office of General Counsel
Administrative Office of the Courts
P.O. Box 140241
Salt Lake City, Utah 84114-0241
Tel: (385) 499-4099
Email: jacew@utcourts.gov

_____

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

_____

| | |
|---|---|
| TATUM MERRILL,<br><br>              Plaintiff,<br><br>v.<br><br>4TH DISTRICT COURT COMMISSIONER MARIAN ITO; 4TH DISTRICT COURT JUDGE CHRISTINE JOHNSON; 4TH DISTRICT COURT JUDGE DEREK PULLAN; and UTAH COUNTY PROSECUTOR'S OFFICE JEFF GRAY,<br><br>              Defendants. | **JUDICIAL DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br><br>Case No. 2:23-cv-00508-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

      Joseph A. Willard, of the Office of General Counsel, Administrative Office of the Courts, on behalf of Defendants Utah Fourth District Court Commissioner Marian Ito, Utah Fourth District Court Judge Christine Johnson, and Utah Fourth District Court Judge Derek Pullan (collectively, "Judicial Defendants"), moves to dismiss Ms. Merrill's complaint under the *Younger* abstention doctrine.

1

## RELIEF SOUGHT AND GROUNDS FOR DISMISSAL

As this Court has held in denying Ms. Merrill's motion for a temporary restraining order, preliminary injunction, or protective order, Ms. Merrill's claims here are barred by the *Younger* abstention doctrine.[1] Now, pursuant to Federal Rule of Civil Procedure 12(b)(6), and DUCivR7-1, the Judicial Defendants ask that Ms. Merrill's claims be dismissed on that same ground.

## MOTION TO DISMISS STANDARD

A court reviewing a 12(b)(6) motion to dismiss must "credit[] the well-pleaded allegations" in the complaint "as true and view[] them in the light most favorable to the [plaintiff]."[2] But a complaint does not survive unless there are "'enough facts to state a claim to relief that is plausible on its face,' not just 'conceivable.'"[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] In contrast, claims fail where they are based on nothing more than "labels and conclusions," or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."[5]

---

[1] Docket no. 41, filed October 18, 2023.

[2] *Colby v. Herrick*, 849 F.3d 1273, 1279 (10th Cir. 2017) (citing *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994)).

[3] *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[5] *Iqbal*, 556 U.S. at 678.

## BACKGROUND

1.      Paragraphs A.3-A.6 of Ms. Merrill's form complaint identify four Defendants, including (1) Commissioner Ito, "the Commissioner over my Family Court Case;" (2) Judge Johnson, "the Judge over my Family Court Case;" (3) Judge Pullan, "the Judge who is over the Criminal Court case of my ex-husband, who has multiple criminal cases of Domestic Violence, and Child Abuse charges, where I am the victim/witness;" and (4) Jeff Gray, "the Utah County Prosecutor over the Criminal Cases of my ex-husband, who has multiple criminal cases of Domestic Violence, and Child Abuse charges, where I am the victim/witness."[6]

2.      Paragraph B of the form complaint references an attachment for a description of the "Nature of the Case," or "the circumstances that led to the problem."[7] Paragraph B of the attachment asserts as follows:

> I'm the victim of several civil rights violations, gender-based discriminations, and socioeconomic status in the mentioned cases. My right to due process, a fair trial, and fair treatment is being denied, particularly when certain judicial officers and the prosecutor's office are involved. I received a jail sanction of five days in a family court hearing based on a non-existent order in that case, but based on a falsified protective order provision from the criminal court where I am the victim, witness, and protected party of the Criminal No Contact Order, which is being exploited by my ex-husband's attorney in both cases. The judges are allowing my Pre-Trial Criminal Domestic Violence No Contact Order to be used falsely against me in both courts prejudicially, and Prosecutor Jeff Gray is neglecting to rectify errors to conceal wrongdoing and maintain the incorrect record. Despite my efforts to correct the record and undo the unjust damage I am being prohibited/restricted from presenting this

---

[6] Docket no. 1 at 2-3 (filed August 7, 2023).

[7] *Id.* at 3.

> evidence in either case, and my rights as a victim to be heard and address the judge in the criminal case are being denied. Notice of hearings has repeatedly been denied to me, violating my right to be informed of proceedings, and my attorney of record is also being denying [sic] notice, and the ability to file motions to be at the hearings to represent me. Despite having a criminal no-contact order, I have been court-ordered and restricted by court order from contacting law enforcement in the Family Court to utilize the protection of protective order with threats of being again falsely sentenced to jail, putting me and my children in serious danger and infringing upon our civil rights to protection. I am being denied equal protection rights due to my socioeconomic status. Recent denials and restrictions on access to legal representation from the Judge have resulted in prejudicial decisions jeopardizing my family's safety. Due process is being denied in both courts, along with my rights to support and services as a victim in the criminal cases. The Judges and Commissioner involved are collectively infringing on my rights, making conflicting orders in each court that further violate my rights, safety, and equitable treatment. I am facing severe prejudice, and the Prosecuting Attorney is deliberately ignoring their negligence in these violations. I have all the evidence to prove this yet am being denied any rights to present it to anyone and being denied due process all stemming from simply reported legitimate, and documented Domestic Violence, and Abuse involved in these cases.[8]

3.   Paragraph C.1.a(1) of the form complaint identifies "Count I" of Ms. Merrill's claims as "Failure to Protect/Prosecutorial Misconduct."[9] Paragraph C.1.a(2) of the form references an attachment for the supporting facts.[10] Paragraph C.1.a(2) of the attachment asserts as follows:

> The prosecutor knowingly allowed discrimination, harassment, and civil rights violations to occur without taking action to prevent or address them. They failed to protect my civil rights and engaged in disrespectful behavior, including victim-blaming, and did not present evidence to counter false

---

[8] *Id.* at 8.

[9] *Id.* at 4.

[10] *Id.*

claims made by defense attorneys. Their actions compromised the fairness and integrity of these cases, resulting in a miscarriage of justice that directly harmed victims' rights across multiple courts.[11]

4. Paragraphs C.1.b(1) and C.1.b(2) of the form complaint reference an attachment for "Count II" of Ms. Merrill's claims and the supporting facts.[12] Paragraph C.1.b(1) of the attachment identifies Count II as "Due Process, Access to Justice, Equal Protection Under the Law, Right to be Heard, Right to Seek Protection and Assistance, Victims' Rights, Due Process and Fair Trial Rights, Freedom of Communication, Restrictions on Civil Liberties."[13] Paragraph C.1.b(2) of the attachment sets forth the following supporting facts for Count II:

> In Family Court, I was issued a court order that prohibited me from contacting the police to use my Pre-Trial Criminal Domestic Violence Protective Order. This order was aimed at allowing the Commissioner to illegally find ways around my protective order. It also prevented me from seeking assistance from the police, while the Commissioner simultaneously required me to have direct contact with the defendant involved in the crimes the Protective Order is meant to shield me from. The Commissioner also court ordered that I must allow the defendant involved in the crimes the Protective Order is meant to shield me from to enter my personal property and access my personal items, violating the protective order, and my victim rights to protection, and safety. This situation is especially concerning as I am both a victim and a witness in the ongoing criminal case.[14]

5. Paragraph C.1.c.(1) of the form complaint identifies "Count III" of Ms. Merrill's claims as "False Imprisonment/Liberty Rights, and Due Process (Deprivation of

---

[11] *Id.* at 8-9.

[12] *Id.* at 4.

[13] *Id.* at 9.

[14] *Id.*

5

Liberty without the Due Process)."[15] Paragraph C.1.c(2) of the form references an attachment for the supporting facts.[16] Paragraph C.1.c(2) of the attachment asserts as follows:

> I was held in contempt and given a five-day jail sentence in Family Court based on a misrepresented and false provision within a Pre-Trial Criminal Domestic Violence Protective Order. This order is meant to protect both me and my children, and originates from the Criminal Court, where I am a victim and a witness, rather than a named party. Despite providing evidence and documentation to Family Court Commissioner Marian Ito, Judge Christine Johnson, and Prosecutor Jeff Gray, all were informed that this protective order, which is meant to ensure my safety, was misused to unfairly imprison me. Regrettably, they failed to grant me access to due process or a fair trial to rectify the situation, remove the wrongful sanctions, or reverse the verdict. As a result, this erroneous order continues to unfairly affect me with extreme prejudice and discrimination.[17]

6.Paragraph D of the form complaint references an attachment as setting forth Ms. Merrill's injury.[18] Paragraph D of the attachment states as follows:

> Due to the numerous civil rights violations, my children and I have been left unjustly and erroneously unprotected and unsafe, especially during criminal court proceedings involving victims and witnesses. Additionally, these concerns extend to Family Court proceedings, where the very criminal charges that should provide protection are being undermined with the involvement of the overseeing judicial officers. I've suffered injury impacting me both physically and emotionally. I've been ordered unlawfully to jail based on a non-existent order in a court, and due to a provision in a protective order that held no validity or enforceability. This injury has caused significant economic setbacks, and I've endured persistent harassment, intimidation, terror, and abuse. The well-being and security of

---

[15] *Id.* at 4.

[16] *Id.*

[17] *Id.* at 9.

[18] *Id.* at 5.

both me and my children have been severely compromised as a result of this injury. Strikingly, the criminal protective order, originally intended to safeguard us, has been manipulated by the parties mentioned in this complaint to persecute me, causing extensive harm and exerting control over me. This stands in stark contrast to the intended purpose of any protective order for a vulnerable party, and at this point these injuries are intentional after many efforts I've made and allowed for these actions, and consequences to be corrected, but are being blatantly ignored.[19]

7.  Paragraph E.1 and E.2 indicate that no other state or federal lawsuits have been filed involving the same facts and that administrative relief has not been pursued.[20]

8.  F.1 of the form complaint references an attachment to set forth Ms. Merrill's request for relief.[21] Paragraph F.1 of the attachment states as follows:

I urgently request a Stay of Proceedings in the ongoing court cases in which I am a party, victim, and witness. This is essential to safeguard both myself and my children from further irreparable harm. I'm requesting an immediate issuance of an order of protection to provide a shield against potential harm, pending a thorough investigation into the matters and issues outlined in this complaint, and for my evidence to be reviewed and presented. Upon completion of this investigation and the necessary corrective actions, I propose the consideration of a transfer of venue or district, if deemed appropriate. It is crucial to implement all necessary measures to put an end to any ongoing violations of civil rights. My foremost concern is to ensure that I can attain a fair trial and that my constitutional rights are upheld without any unwarranted restrictions while my children and I are protected under the law as we should be.[22]

## ARGUMENT

Ms. Merrill's complaint should be dismissed based on a straightforward

---

[19] *Id*. at 9-10.

[20] *Id*. at 6.

[21] *Id*.

[22] *Id*. at 10.

application of the *Younger* doctrine. "Under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action."[23] While the doctrine initially applied with regard to "an ongoing state criminal court proceeding," it has since "been expanded to include administrative and civil actions."[24]

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[25] Three elements must be satisfied for abstention:

> (1) there is an ongoing state criminal, civil or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[26]

Importantly, "*Younger* abstention is non-discretionary; it must be invoked when the three conditions are satisfied, absent extraordinary circumstances."[27]

Each of these factors is met here. First, Ms. Merrill's complaint on its face is entirely based on ongoing civil and criminal state court proceedings that she seeks to

---

[23] *Talbot v. Utah*, No. 4:19-CV-00079-DN-PK, 2020 WL 579051, at *3 (D. Utah Feb. 5, 2020) (unpublished) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

[24] *Id.* (citing *Aanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997) cert. denied, 523 U.S. 1005 (1998)).

[25] *Id.* (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999), *implied overruling on other grounds recognized by Dunlap v. Nielsen*, 771 F. App'x 846, 849 (10th Cir. 2019)).

[26] *Id.* (quoting *Amanatullah*, 187 F.3d at 1163 (quoting *Taylor*, 126 F.3d at 1297).

[27] *Id.*

have stayed.[28] "[T]he first *Younger* factor is satisfied."[29]

Second, the state court provides an adequate forum to hear the claims raised by Ms. Merrill here. She asserts that her rights were violated when she was held in contempt, and jailed, based on nonexistent or conflicting orders from the state courts in which her family law case and her ex-husband's criminal cases (in which she is a victim/witness) are being adjudicated.[30] But "the fact that [a plaintiff] has not obtained the relief [she] seeks in state court does not mean that [she] has not had an adequate opportunity to present [her] federal claims in the state court proceedings."[31]

Nowhere does Ms. Merrill suggest that she has ever sought relief from a state appellate court, or give any explanation for her failure to do so. This is fatal to her action here. "A 'necessary concomitant of *Younger* is that a party . . . must exhaust [its] state appellate remedies before seeking relief in the [U.S.] District Court . . . .'"[32] Here, "whether in the trial court or appellate courts, the state court provides an adequate forum."[33]

Third, important state interests are involved in the criminal and family law state court proceedings at issue. *Younger* itself recognized that criminal prosecutions

---

[28] Background, supra, ¶¶1-8.

[29] *Talbot*, 2020 WL 579051, at *3

[30] Background, supra, ¶¶1-8.

[31] *Talbot*, 2020 WL 579051, at *3 (quoting *Dodson v. Colo.*, No. 12-cv-01064-BNB, 2012 WL 1865631, at *1 (D. Colo. May 22, 2012) (unpublished)).

[32] *Talbot*, 2020 WL 579051, at *3 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975)).

[33] *Id.*

implicate important state interests.[34] And "regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States."[35] Given the state's strong interest in enforcing its criminal laws, and "in regulating marriage, divorce, child custody, and related disputes,"[36] the third *Younger* factor is likewise satisfied.

Because, as explained above, each of the *Younger* factors is met here, this court should decline to exercise jurisdiction over Ms. Merrill's claims, which are inextricably tied to pending state court proceedings. The Judicial Defendants additionally incorporate, from Defendant Jeff Gray's motion to dismiss,[37] the arguments made regarding the *Younger* doctrine.

## CONCLUSION

For the foregoing reasons, Judicial Defendants respectfully request that the Court grant their motion to dismiss Ms. Merrill's complaint, without prejudice.

Signed and dated this 1st day of November, 2023.

/s/ *Joseph A. Willard*
Joseph A. Willard
Associate General Counsel
Administrative Office of the Courts

---

[34] *Younger*, 401 U.S. at 44.

[35] *Talbot*, 2020 WL 579051, at *3 (quoting *United States v. Windsor*, 570 U.S. 744, 766 (2013)).

[36] *Id*. (citing *Julander v. Lee*, 2018 WL 1183376, *2 (D. Utah 2018) (unpublished); *Morkel v. Davis*, 513 Fed.Appx. 724, *3 (10th Cir. 2013) (unpublished); *Shoemaker v. Dawson*, 2012 WL 2327823, *3 (D. Utah, N. Div. 2012) (unpublished)).

[37] Docket no. 42, filed October 31, 2023.